```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


TRACY G. ALLEN, AIS # 129732,     :

     Plaintiff,                   :

vs.                               :   CIVIL ACTION 09-0838-CG-M

DR. ROBERT BARNES,                :

     Defendant.                   :
```

REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action filed by an Alabama prison inmate proceeding *pro se*, together with a motion to proceed without prepayment of fees, was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).[1]  For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

On December 29, 2009, Plaintiff, a previously adjudicated "three striker,"[2] filed his 42 U.S.C. § 1983 Complaint against

---

[1] It is hereby **ORDERED** that Plaintiff's motion to proceed without prepayment of fees be **DENIED** in light of the Court's findings herein.  (Doc. 2).

[2] This term refers to a prisoner's status under 28 U.S.C. § 1915(g) and applies to a prisoner who brings a civil action or appeal without prepayment of fees or security therefor, after having previously filed, while incarcerated, three or more actions or appeals that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.

Defendant, Dr. Robert Barnes. (Doc. 1 at 4). On that same date, Plaintiff filed a motion to proceed without prepayment of fees. (Doc. 2).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. 2008) (unpublished). "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'" Id. (citing 28 U.S.C. § 1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

In a previous action filed in this Court by Plaintiff, Allen v. Barnes, 2009 WL 1357383 (S.D. Ala. 2009), Plaintiff was identified as having *thirty-eight* strikes, that is, *thirty-eight*

prior cases filed in federal court that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.[3]  Thus, Plaintiff

---

[3] The Court in Allen v. Barnes, 2009 WL 1357383 (S.D. Ala. 2009), identified the following actions of Plaintiff as having been dismissed as frivolous: Allen v. Jones, et al., CA 90-0059-T-S (S.D. Ala. Mar. 31, 1992); Allen v. Edwards, et al., CA 90-0076-BH-C (S.D. Ala. Sept. 11, 1991); Allen v. Carver, et al., CA 90-0214-CB-S (S.D. Ala. Sept. 20, 1991); Allen v. White, et al., CA 90-0561 (N.D. Ala. June 28, 1990); Allen v. Patterson, CA 90-0562 (N.D. Ala. June 26, 1990); Allen v. State of Alabama, CA 90-1100 (N.D. Ala. Aug. 21, 1990); Allen v. Hunt, et al., CA 90-1101 (N.D. Ala. Aug. 21, 1990); Allen v. Norman, CA 91-0153 (N.D. Ala. May 29, 1991); Allen v. Allen, et al., CA 91-1705 (N.D. Ala. Nov. 26, 1991); Allen v. Hunt, et al., CA 91-1708 (N.D. Ala. Nov. 27, 1991); Allen v. White, et al., CA 91-1935 (N.D. Ala. Feb. 3, 1992); Allen v. Thigpen, et al., CA 91-2021 (N.D. Ala. Jan. 30, 1992); Allen v. Battles, et al., CA 91-2476 (N.D. Ala. Apr. 17, 1992); Allen v. Thigpen, CA 92-1623 (N.D. Ala. Nov. 29, 1993); Allen v.. Chaplain, CA 93-119 (N.D. Ala. Sept. 13, 1993); Allen v. Nagle, CA 93-897 (N.D. Ala. Sept. 1, 1993); Allen v. Blankenship, CA 93-1193 (N.D. Ala. Sept. 15, 1993); Allen v. Martin, CA 93-1801 (N.D. Ala. Mar. 2, 1994); Allen v. Burton, et al., CA 93-1808 (N.D. Ala. Mar. 2, 1994); Allen v. USPS, CA 93-1834 (N.D. Ala. Mar. 2, 1994); Allen v. Tucker, CA 93-1929 (N.D. Ala. Dec. 28, 1993); Allen v. Champale, CA 93-1931 (N.D. Ala. Dec. 27, 1993); Allen v. USPS, CA 93-1932 (N.D. Ala. Dec. 28, 1993); Allen v. Folsom, et al., CA 93-2229 (N.D. Ala. Apr. 1, 1994); Allen v. State of Alabama, CA 93-2272 (N.D. Ala. Apr. 4, 1994); Allen v. Nagle, CA 93-2350 (N.D. Ala. Mar. 31, 1994); Allen v. Nagle, et al., CA 93-2399 (N.D. Ala. Apr. 1, 1994); Allen v. DeLoach, et al., CA 93-T-1052-N (M.D. Ala. Oct. 6, 1993); Allen v. Harrelson, et al., CA 93-H-1114-N (M.D. Ala. Oct. 22, 1993); Allen v. Folsom, et al., CA 94-A-0288-N (M.D. Ala. Apr. 7, 1994); Allen v. Dr. Thomas, et al., CA 94-0469-AH-S (S.D. Ala. Sept. 16, 1994); Allen v. Jones, et al., CA 94-0572-CB-S (S.D. Ala. Nov. 7, 1994); Allen v. Jones, et al., CA 94-0638-AH-S (S.D. Ala. Sept. 27, 1994); Allen v. Folsom, et al., CA 94-A-0684-N (M.D. Ala. June 28, 1994); Allen v. Folsom, et al., CA 94-A-0691-N (M.D. Ala. June 28, 1994); Allen v. Allen, et al., CA 94-0987-RV-S (S.D. Ala. Jan. 31, 1995); Allen v. Harrelson, et al., CA 94-D-1524-N (M.D. Ala. Dec. 27, 1994); and Allen v. Naile, et al., CA 96-T-0446-N (M.D. Ala. Apr. 17, 1996).

cannot proceed *in forma pauperis*, and his present action is due to be dismissed, unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In Plaintiff's Complaint filed in this action on December 29, 2009, Plaintiff alleges that twenty months earlier, on April 15, 2008,[4] while incarcerated at Holman Correctional Facility ("Holman"), Defendant, Dr. Robert Barnes, refused to refer him to a neurologist for pain in his arm stemming from an assault on April 13, 2008, in which Plaintiff was stabbed by another inmate.[5] (Doc. 1 at 3-4). This allegation was also the basis of two previous lawsuits by Plaintiff: Allen v. Barnes, 2009 WL 1357383 (S.D. Ala. 2009), filed by Plaintiff on March 13, 2009, and dismissed by this Court under 28 U.S.C. § 1915(g) on May 13, 2009 (09-137-CG-C, Docs. 1, 3, 4); and Allen v. Barnes, 2009 WL 1758806 (S.D. Ala. 2009), filed by Plaintiff on June 6, 2008, and dismissed by this Court under § 1915(g) on June 18, 2009. (08-322-WS-M, Docs. 1, 45, 49). For all practical purposes, Plaintiff's present Complaint is simply a re-filing of these two

---

[4] Plaintiff refers to the year of the incident upon which this action is based as both April 15, *2008*, and April 15, *2009*. (Doc. 1 at 1-4). However, reference to Plaintiff's previous filings in this Court arising out of this same incident establish that the correct date is April 15, *2008*.

[5] For additional factual background related to the assault and Plaintiff's extensive treatment for his injuries, see Allen v. Barnes, 2009 WL 1758806 (S.D. Ala. 2009).

4

previously dismissed Complaints.[6]

By way of comparison, in his Complaint in <u>Allen v. Barnes</u>, 2009 WL 1357383, *2 (S.D. Ala. 2009), Plaintiff alleges that, on April 15, 2008 (the same date alleged in the present Complaint), Dr. Barnes was deliberately indifferent to his serious medical needs when he needed to see a neurologist for injuries to his arm after he was assaulted by another inmate on April 13, 2008. (Complaint, 09-137-CG-C, Doc. 1 at 3-4).  Because Plaintiff was a "three striker," this Court dismissed the action under § 1915(g), finding that Plaintiff was not under imminent danger of serious physical injury at or near the time that he filed his Complaint on March 12, 2009.  <u>Allen</u>, 2009 WL 1357383 at * 1-2.

Similarly, in his Complaint in <u>Allen v. Barnes</u>, 2009 WL 1758806, *2 (S.D. Ala. 2009), Plaintiff alleges that, on May 7, 2008 (as opposed to April 15, 2008, as alleged in the present action), Dr. Barnes provided inadequate medical treatment for his injuries after he was assaulted by another inmate on April 13, 2008, including refusing to refer Plaintiff to a neurologist for the injury to his arm and hand.  (Complaint, 08-322-WS-M, Doc. 1 at 3-4).  Because Plaintiff is a "three striker," the Court again dismissed the action under § 1915(g), finding that Plaintiff was

---

[6] Plaintiff admits in his Complaint in the present action that he is attempting to "reopen" his previous lawsuit, "08-322-WS-M," <u>Allen v. Barnes</u>, 2009 WL 1758806 (S.D. Ala. 2009).  (Doc. 1 at 1-2).

not under imminent danger of serious physical injury at the time that he filed the Complaint – between June 3 and June 6, 2008. Allen, 2009 WL 1758806, *6, *8.  Thus, in both prior actions filed against Dr. Barnes for failing to refer Plaintiff to a neurologist immediately after the assault in April, 2008, Plaintiff did not fall within the exception to § 1915(g); he could not proceed in forma pauperis; and his actions were due to be dismissed.

In the present action, Plaintiff again alleges that, on April 15, 2008, Dr. Barnes was deliberately indifferent to his serious medical needs by refusing to refer him to a neurologist for treatment for his arm after he was injured in the inmate assault on April 13, 2008.  (Doc. 1 at 4).  Plaintiff acknowledges that Dr. Barnes did refer him to a neurologist, Dr. Larry Epperson, in June, 2008;[7] that Dr. Barnes then referred him to another neurologist, Dr. Quindlen, in September, 2008; and that Dr. Barnes referred him to Drs. Meyers and Wilson at USA Hospital in February 2, 2009, as well as to Dr. Fritz at the Mobile Infirmary on February 12, 2009, who told Plaintiff that he did not need surgery on his arm.  (Id.).  Plaintiff alleges,

---

[7] In Allen v. Barnes, 2009 WL 1758806, *4 (S.D. Ala. 2009), the Court discussed Dr. Epperson's findings related to Plaintiff's medical condition, which Dr. Epperson described as: "mild to moderate carpal tunnel syndrome in his left hand and moderate to severe tardy ulnar palsy with entrapment at the left elbow in the left forearm."

6

however, that Dr. Barnes' initial delay in referring him to a neurologist caused him to develop "ulnar tardy palsy" in his arm. (Id.).

Assuming all of Plaintiff's allegations in the present Complaint as true, Plaintiff does not allege any facts which would show that he was "under imminent danger of serious physical injury" at the time that he filed the current Complaint, which was on or around December 29, 2009, or that he is in jeopardy of any ongoing danger. Indeed, Plaintiff filed his Complaint more than one year and eight months after Dr. Barnes failed to refer him to a neurologist in April, 2008, and Plaintiff acknowledges that Dr. Barnes did refer him to a neurologist in June, 2008, as well as to multiple specialists since that time. Thus, the threat about which Plaintiff complains in his Complaint had ceased prior to the filing of his Complaint.

Furthermore, to the extent that Plaintiff claims that he suffers from an ongoing medical condition with his left arm, "tardy ulnar palsy," Plaintiff still must allege facts which would show a present imminent danger of serious physical injury. See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g). . . .") (citing Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not

proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.")); see also Taylor v. Allen, 2009 WL 1758801, *2 (S.D. Ala. 2009) ("a 'general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'") (citations omitted).

To the contrary, Plaintiff states that he does not need surgery for his current medical condition, and he fails to indicate any deteriorating medical condition that would suggest an imminent danger of serious physical injury.  (Doc. 1 at 4). Thus, Plaintiff is not entitled to avoid the bar of § 1915(g) and is not allowed to proceed *in forma pauperis* in this action.  28 U.S.C. § 1915(g).

"In this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice."  Doss, 2008 WL 5231863 at *2; Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)].  He must pay the filing fee at the time he initiates

8

the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed this action and because he has failed to meet the "under imminent danger of serious physical injury" exception to § 1915(g), which would allow him to proceed *in forma pauperis*, Plaintiff's action is due to be dismissed without prejudice. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

    for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript (applicable Where Proceedings Tape Recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 3rd day of February, 2010.

                                      <u>s/BERT W. MILLING, JR.</u>
                                      UNITED STATES MAGISTRATE JUDGE